**E-Filed 3/13/2009**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>VICTOR MANUEL ROSAS,<br><br>Defendant | Case Number CR 01-20117 JF<br>C 05-4869 JF<br><br>ORDER[1] DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>[Re. Docket No. 91] |
|---|---|

Defendant Victor Manuel Rosas ("Rosas") moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has read the moving and responding papers and has considered the applicable law. For the reasons discussed below, the motion will be denied.

**I. BACKGROUND**

On October 21, 2002, Rosas pled guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Rosas subsequently was sentenced on April 29, 2003, and judgment was entered on May 2, 2003. Rosas was represented by attorney Milton F. Gonzalez ("Gonzalez"). On June 22, 2005, Rosas

---

[1] This disposition is not designated for publication in the official reports.

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
(JFEX1)

filed a motion in this Court seeking to compel Gonzalez to turn over all records and files pertaining to his case. On July 7, 2005, the Court denied the motion to compel but agreed to send Rosas a copy of the transcripts of his proceedings and of the judgment. The documents were sent on July 25, 2005. On November 29, 2005, Rosas filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## II. STATUTE OF LIMITATION

"A 1-year period of limitation shall apply to a motion under [28 U.S.C. § 2255]. The limitation period shall run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). "The statute of limitations contained in § 2255 is subject to equitable tolling." *U.S. v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). To toll the statute of limitations, "[t]he petitioner must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).[2]

Rosas's conviction became final when this Court entered judgment on May 2, 2003. The instant motion was filed on November 29, 2005. Rosas argues that the statute of limitations should be tolled because he was unable to retrieve his records and files from Gonzalez. Def. Mot. at 4:21-25. Rosas claims that he repeatedly requested his records and files from Gonzalez prior to the expiration of the limitations period but was unsuccessful in obtaining the files needed to file a § 2255 motion. Def. Mot. at 5:1-21. Rosas thereafter was able to obtain the necessary files by petitioning the Court, but he did so only after the expiration of the limitations period, and he does not explain why he did not seek relief from the Court earlier. Even if Rosas had been diligent, he still would need to show that he faced "some extraordinary circumstances beyond [his] control [that made] it impossible to file a petition on time and the extraordinary

---

[2]*Garcia* discusses equitable tolling under 28 U.S.C. § 2254. However, "[§ 2254 and § 2255] have the same operative language and the same purpose. [The Ninth Circuit] fail[s] to see any reason to distinguish between them in this respect." *U.S. v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004)

2

circumstances were the cause of his untimeliness." *Battles*, 362 F.3d, 1197 (citing *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003)).

Because Rosas did not pursue his rights diligently and has not shown the existence of extraordinary circumstances beyond his control, his motion is barred by the statute of limitations.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Even if it were to find that the statute of limitations were subject to equitable tolling, the Court would deny the instant motion on its merits.  A prisoner in federal custody may move the sentencing court to vacate, set aside or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Blaylock*, 20 F.3d 1458, 1456 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).

To assert a successful claim for ineffective assistance of counsel, a defendant must show that (1) his attorney's performance was unreasonable under prevailing professional standards, and (2) there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 687-91 (1984).  Moreover, "[t]actical decisions that are not objectively unreasonable do not constitute ineffective assistance of counsel." *Henley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995) (citation omitted).

Rosas claims that Gonzalez was ineffective because: 1) this Court commented on Gonzalez's lack of experience in federal criminal proceedings; 2) Gonzalez coerced Rosas into a guilty plea by telling him that if he did not accept the plea agreement, Ceja would be facing ten years of imprisonment; 3) Gonzalez did not comply with Rosas' desire to pursue a trial; and 4) Gonzalez failed to investigate alternative trial defenses.

**A.  Comments Regarding Gonzalez**

Rosas first argues that Gonzalez was ineffective because this Court made comments

during the sentencing proceeding on April 29, 2003 regarding Gonzalez's lack of experience in federal criminal proceedings.[3] Def. Mot. at 9:15-18.  However, while it did make certain comments regarding Gonzalez's performance, the Court also stated that "[it was not] suggesting that [Gonzalez] rendered ineffective representation because if [the Court] felt that [he had it] wouldn't have accepted Mr. Rosas' plea." Def. Mot. Ex. I at 21:14-17.  In determining a § 2255 motion, "[the presiding judge] should have an advantageous perspective for determining the effectiveness of counsel's conduct and whether any deficiencies were prejudicial." *Massaro v. U.S.*, 538 U.S. 500, 501 (2003).  In the instant case, the Court's comments were directed not to Gonzalez's overall effectiveness but his frequent tardiness and failure to comply with court procedures.  Taken as a whole, the comments in fact support the conclusion that Gonzalez's performance was effective.

**B. Coercing Rosas to Pled Guilty**

Rosas next alleges that Gonzalez coerced him into accepting the plea agreement by threatening that Ceja would face a ten-year sentence if Rosas did not accept the terms of the agreement. Def. Mot. at 7-8.  Rosas claims that in fact the charge against Ceja would have resulted in a maximum prison term of four years under 21 U.S.C. § 843. *Id*. at 8: 7-11.  However, Ceja was charged with conspiracy to distribute 500 grams or more of methamphetamine under 21 U.S.C. § 846. Opp'n Mot. Attach. B.  If convicted, Ceja faced a *minimum* of ten years and a maximum of life imprisonment. *Id*.  Gonzalez thus was not deficient in advising Rosas regarding Ceja's potential prison term.  Moreover, Rosas's claim that he was coerced into a guilty plea is directly contradicted by statements in his written plea agreement and sentencing colloquy.  In the plea agreement, he agreed that "[his] decision to plead guilty is made voluntarily, and no one coerced or threatened [him] to enter into this agreement." Def. Mot. Ex. H, ¶ 18.  During the plea colloquy on October 21, 2002, the Court asked Rosas if "anyone made

---

[3] See Def. Mot. Ex. I, at 20-21 (this Court stated, "[a]nd so as a result of that I've made a consistent effort to cut you slack taking into account that your experience may be less than some of the people who appear in this court," and "I can't ignore the fact that I think in this case you've been less than diligent.")

any threats against [him] in order to get [him] to plead guilty?" Opp'n Mot. Attach. D at 5:18-19. Rosas answered, "no." *Id*. at 5:20. The Court then asked if his "decision to plead guilty at this time [was] free and voluntary?" *Id*. at 6:6-7. Rosas answered, "yes." *Id*. at 6:8. Finally, at the April 29, 2003 sentencing hearing, this Court asked Rosas if "it is fair to say and, in fact, is it true that when you [pled] guilty in October you did so because you were guilty?" Opp'n Mot. Ex. C, at 9:18-21. Rosas answered, "yes." *Id*. at 9:22. The record thus does not support Rosas' claim of coercion..

**B. Did Not Comply With Rosas' Desire for Trial**

Rosas claims that Gonzalez did not comply with his desire to pursue a trial because of Gonzalez's lack of experience. Def. Mot. at 9-10. As discussed above, several exchanges between this Court and Rosas indicate that Rosas pled guilty voluntarily. In addition, during the plea colloquy on October 21, 2002, this Court advised Rosas, "if you don't want to plead guilty, if you don't want to give up your rights in the case and if you want to go to a jury trial, you can do that and you have the right to be assisted by a lawyer at every stage of the case including trial" after which it inquired "do you understand that?" and Rosas answered, "yes." Opp'n Mot. Attach. D at 10:12-21. The Court then asked, "[y]ou have the right to a speedy public jury trial. Do you understand that?" *Id*. at 10:22-24. Rosas answered, "yes." *Id*. at 10:25. Finally, the Court asked, "[d]o you give up that right?" and Rosas answered, "yes." *Id*. at 11:1-2. The record does not indicate that Rosas desired a trial instead of a guilty plea.

**C. Investigate Alternative Trial Defenses**

Rosas alleges that Gonzalez failed to investigate alternative trial defenses. Def. Mot. at 10-11. Rosas claims that had Gonzalez interviewed co-defendant Carillo, Gonzalez would have discovered that Carillo provided information to DEA agents indicating that Rosas had nothing to do with the July 5, 2001 sale of thirteen pounds of methamphetamine. Id. at 13:5-9. "While a lawyer is under a duty to make reasonable investigations, a lawyer may make a reasonable decision that particular investigations are unnecessary." *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998) (internal citation omitted). "To determine the reasonableness of a decision not to investigate, the court must apply 'a heavy measure of deference to counsel's judgments.'"

5

*Id*. at 1174 (internal citation omitted).  It appears that Gonzalez did examine and review all of the available evidence.  Opp'n Mot. Attach. H, ¶ 8.  He did not interview Carillo because Carillo was represented by counsel. *Id*. at ¶ 9.  Moreover, during the plea colloquy on October 21, 2002, Rosas admitted the truth of the facts that the Government was prepared to prove against him.  *See* Opp'n Mot. Attach. D at 13-17.  Under the circumstances, Gonzalez's decision was reasonable.

Even assuming arguendo that Gonzalez did not conduct a reasonable investigation, Rosas has not demonstrated a reasonable probability that but for Gonzalez's alleged errors, the result would have been different. In support of his claim, Rosas cites several Ninth Circuit cases in which failure to investigate was found to constitute ineffective assistance of counsel.[4] The defendants in those cases were convicted at trial, and the results of the investigations could have impacted the verdict.  Rosas, however, pled guilty in exchange for, *inter alia*, dismissal of the charges against Ceja.  As discussed above, Ceja faced a minimum of ten years and a maximum of life imprisonment. Gonzalez's alleged failure to investigate has no bearing on the disposition of Ceja's case. Rosas has not demonstrated a reasonable probability that but for Gonzalez's alleged errors, he would not have accepted the plea agreement.

## IV. ORDER

For reasons discussed above, Petitioner's motion to vacate, set aside or correct sentence is DENIED.

**IT IS SO ORDERED.**

DATED: 3/12/2009

_____
JEREMY FOGEL
United States District Judge

---

[4]Rosas cited *Rios v. Rocha*, 299 F.3d 796 (9th Cir. 2002), *Lord v. Wood*, 184 F.3d 1083 (9th Cir. 1999), *Sanders v. Ratelle*, 21 F.3d 1446 (9th Cir. 1994), *Avila v. Galaza*, 297 F.3d 911 (9th Cir. 2002), *Johnson v. Baldwin*, 114 F.3d 835 (9th Cir. 1997), *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983), and *Baumann v. United States*, 692 F.2d 565 (9th Cir. 1982).

6

Case No. CR 01-20117 JF, C 05-4869 JF
ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
(JFEX1)

1 | This Order has been served upon the following persons:

2 | Stephen H. Jigger    steve.jigger@usdoj.gov, sheryl.castillo@usdoj.gov

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. CR 01-20117 JF, C 05-4869 JF
ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
(JFEX1)